UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS and DAN BECKER, | CV 05-553-KI |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| UNITED STATES FOREST SERVICE, | |
| Defendants, | |
| and | |
| D.R. JOHNSON LUMBER CO., an Oregon corporation, | |
| Intervenor-Defendants. | |

**Marianne G. Dugan**
Attorney at Law
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072

1 – OPINION AND ORDER

**Marc D. Fink**
Western Environmental Law Center
612 Alworth Building
306 West Superior St.
Duluth, MN 55802
(218) 722-4130

    Attorneys for Plaintiffs Forest Service Employees
    for Environmental Ethics and Dan Becker

**Ralph O. Bloemers**
**Chris Winter**
**James D. Brown**
Cascade Resources Advocacy Group
917 S.W. Oak St
Suite 417
Portland, OR 97205
(503)525-2724

    Attorneys for Proposed Intervenor-Plaintiffs Oregon Natural
    Resources Council, Cascadia Wildlands Project, Northwest
    Environmental Defense Center, and the League of Wilderness
    Defenders - Blue Mountains Biodiversity Project

**Jeffrey K. Handy**
United States Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1013
**Rachel Anne Dougan**
US Department of Justice
P.O. Box 663
Washington, DC 20044-0663
(202) 616-5082
**Stephen J. Odell**
United States Attorney's Office
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-1024
(503) 727-1024

    Attorneys for Defendant United States Forest Service

**Scott W. Horngren**
**Julie A. Weis**
Haglund Kelley Horngren Jones & Wilder LPP
1800 One Main Place
101 S.W. Main Street
Portland, OR 97204-3226
(503) 225-0777

      Attorneys for Intervenor-Defendant D.R. Johnson
      Lumber Company

KING, Judge:

The matters before the court are (1) plaintiffs' motion for reconsideration (doc. 38) of the court's order denying plaintiffs' motion for a temporary restraining order and preliminary injunction and (2) the motion (doc. 42) of Oregon Natural Resources Council, Cascadia Wildlands Project, Northwest Environmental Defense Center, and the League of Wilderness Defenders - Blue Mountains Biodiversity Project ("proposed intervenors") to intervene or, in the alternative, to participate as <u>amici</u>, in support of plaintiffs' motion for reconsideration.

For the following reasons, I **deny** proposed plaintiff-intervenors' motion to intervene or, in the alternative, to participate as <u>amici</u>, and **deny** plaintiffs' motion for reconsideration.

## BACKGROUND

Plaintiffs allege the Forest Service violated the National Forest Management Act (NFMA), 16 U.S.C. § 1600, <u>et seq.</u>, and the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, <u>et seq.</u>, when it allowed a timber salvage sale to proceed in which the Forest Service marked for salvage trees with diameters greater than 21" at breast height that still show signs of life. Plaintiffs contend the Forest Service's wildlife standards in the "Eastside Screens" governing timber salvage sales in the Malheur National Forest prohibit the logging of live trees, even though

the trees may be dying, and the Forest Service's use of the "Scott Guidelines" to determine tree mortality in connection with the sale was arbitrary and capricious.

On August 5, 2005, I held an evidentiary hearing on plaintiffs' motion for a temporary restraining order and preliminary injunction halting further implementation of the timber salvage sale. At the conclusion of the hearing, I advised the parties I would issue an order denying plaintiff's motion. On August 11, 2005, I issued an opinion and order setting out my reasons for denying the request for injunctive relief, including my conclusions that (1) the Eastside Screens did not bar the Forest Service from marking for salvage trees that were still living but were expected to die within five years, (2) the Scott Guidelines for determining tree mortality are not arbitrary and capricious and (3) plaintiffs were not likely to prevail on their NFMA and NEPA claims.

Plaintiffs move the court to reconsider its decision based on evidence presented to the court for the first time that the Forest Service intended the Eastside Screens to be an interim management tool "intended to contribute to [old-growth] habitat over the long term" and to "preserve green or live trees that currently exist over the short-term." Plf.s' Mem. at 7.

### DISCUSSION

**1. Proposed Intervenors Motion to Intervene**.

Proposed Intervenors did not join in this action with plaintiffs because they believed the interpretation of the Eastside Screens "appeared to be well-settled" and they "chose to conserve their limited resources." In the meantime, plaintiffs filed a motion for a temporary restraining order and preliminary injunction to prevent the timber salvage sale from proceeding. I conducted an evidentiary hearing and entered an order denying the request for injunctive relief. As a result,

the sale is now going forward. In light my adverse ruling, proposed intervenors argue they have a right to intervene to make similar arguments plaintiffs have made, but with more "robust" evidence to support those arguments, particularly as to the manner in which proposed intervenors commented on the applicability and validity of the Scott Guidelines during the administrative process..

Based on this record, the Forest Service argues the motion to intervene is untimely.

"Timeliness is the threshold requirement for intervention. [The court] consider[s] three criteria to evaluate timeliness: the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay." United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990).

 a. Stage of Proceedings.

This case has proceeded to the point where injunctive relief has been denied. Accordingly, even though the case was filed only four months ago, a critical stage of the proceedings has passed and a crucial issue has been decided. Proposed intervenor' motion, therefore, has been filed late in these proceedings.

 b. Prejudice.

As to prejudice, the Forest Service argues it cannot reply to proposed intervenors' arguments in support of reconsideration without leave of court. Obviously the court can mitigate such prejudice by granting leave for such a reply. Prejudice to the Forest Service in that regard, therefore, is not an issue.

 c. Reasons for Delay.

Proposed intervenors' reasons for not joining in this case from the outset are not convincing. They argue prior decisions of this court established as "settled law" the proposition

5 - OPINION AND ORDER

that currently existing living trees $\geq$ 21 inches dbh could not be cut for salvage under the Eastside Screens.[1] Accordingly, proposed intervenors were reluctant to expend limited resources to participate in challenging the salvage sale. Instead, proposed intervenors left it up to plaintiffs to challenge a salvage sale that was proceeding notwithstanding the "settled law" even though proposed intervenors assert plaintiffs are not now, and presumably were not at the outset of this case, capable of adequately representing proposed intervenors' interests.

On this record, I agree with the Forest Service that proposed intervenors' motion to intervene is untimely, and in the exercise of my discretion, I decline to allow them to intervene for that reason alone.

I also decline to allow proposed intervenors to participate in this action as amici because the arguments they make are duplicative of those made by plaintiffs both in their arguments in support of injunctive relief and in their motion for reconsideration.

**2. Plaintiffs' Motion for Reconsideration**.

Plaintiffs argue the Eastside Screens were intended to be an interim, i.e., "short-term," plan for maintaining old-growth stands in the Malheur National Forest for purposes of wildlife conservation. Accordingly, the Eastside Screens were developed to "[m]aintain all remnant old and late seral green trees that currently exist within stands proposed for harvest activities." According to plaintiffs, this express statement of the purpose of the interim Eastside Screens is inconsistent with the Forest Service's subsequent interpretation that disregards the current status

---

[1] The "settled law" referred to by proposed intervenors is more fully described in my opinion and order issued August 11, 2005.

6 - OPINION AND ORDER

of the trees, i.e., currently existing and alive, by allowing salvage of old growth fire damaged trees based on a future projection of the trees' mortality.

To support this argument, plaintiffs cite to the Forest Service's September 1998 memorandum to Eastside Forest Supervisors which states "[t]rees twenty-one inches and larger cannot be harvested in late- or old-structure (LOS) stands with the intent of reducing the probability of mortality in the long term." Plt.s' Mem, Fink Decl., Ex. C.

Accordingly, plaintiffs assert the "plain language" of the Eastside Screens supports their view that "short-term" management of old growth trees precludes the salvage of trees based on a long-term mortality determination.

The Forest Service, however, in the same September 1998 document relied on by plaintiffs, also stated that "dying trees [i.e., trees that are still living but are expected to die] . . . within five years" may be "counted as snags," i.e., dead trees. Clearly, the Forest Service viewed a determination of mortality within five years to be consistent with a "short-term" rather than a "long-term" management perspective.

Accordingly, the issue framed on plaintiffs' motion for reconsideration is whether the Forest Service was arbitrary and capricious in determining that the mortality of an old growth tree $\geq 21$ inches dbh within five years is a "short-term" rather than a "long term" event. In deciding this issue, I accord considerable deference to the Forest Service. Moreover, I conclude that, in the context of an old growth tree that might otherwise be expected to live several hundred years, a period of five years in the history of that tree may reasonably be considered a "short" rather than a "long" period of time.

Accordingly, I conclude plaintiffs have not presented good reason why I should reconsider my order denying their motion for a temporary restraining order and preliminary injunction.

## **CONCLUSION**

For these reasons, the court denies plaintiffs' motion for reconsideration (doc. 38) and denies the motion (doc. 42) of Oregon Natural Resources Council, Cascadia Wildlands Project, Northwest Environmental Defense Center, and the League of Wilderness Defenders - Blue Mountain Biodiversity Project to intervene or, in the alternative, to participate as amici, in support of plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

DATED this 16th day of August, 2005.

/s/ Garr M. King
Garr M. King
United States District Judge