IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS (FSEEE), and DAN BECKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05-553-KI |
| vs. | ) ) | OPINION AND ORDER |
| UNITED STATES FOREST SERVICE, | ) ) | |
| Defendant. | ) ) | |
| D.R. JOHNSON LUMBER COMPANY, | ) ) | |
| Defendant-Intervenor. | ) | |

Marianne Dugan
259 E. 5th Avenue, Suite 200-D
Eugene, Oregon 97401

    Attorney for Plaintiffs

Kelly A. Johnson
Acting Assistant Attorney General
Environment and Natural Resources Division
Rachel A. Dougan
Brian C. Toth
United States Department of Justice
P. O. Box 663
Washington, D. C. 20044-0663

Karin J. Immergut
United States Attorney
District of Oregon
Jeffrey K. Handy
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Defendant

Julie A. Weis
Scott W. Horngren
Haglund Kirtley Kelley & Horngren, LLP
101 S. W. Main Street, Suite 1800
Portland, Oregon 97204

    Attorney for Defendant-Intervenor

KING, Judge:

Plaintiffs allege claims under the National Forest Management Act and the National Environmental Policy Act concerning the Easy Fire Recovery Project which was put in place by defendant United States Forest Service ("Forest Service") in response to a forest fire on nearly 6,000 acres of the Malheur National Forest in 2002. Before the court is Defendant's Motion to Dismiss Plaintiff Forest Service Employees for Environmental Ethics (#14). The Forest Service does not challenge individual defendant Dan Becker's ability to seek judicial review.

## DISCUSSION

The Forest Service seeks to dismiss Forest Service Employees for Environmental Ethics ("FSEEE") as a plaintiff, contending that FSEEE failed to exhaust its administrative remedies. FSEEE did not file any administrative appeal challenging the project. The Forest Service relies on a portion of the Department of Agriculture Reorganization Act:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against –
>
> (1) the Secretary;
>
> (2) the Department; or
>
> (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e). This statute applies to the forest management project decision FSEEE challenges in this action. 36 C.F.R. § 215.21.

FSEEE's first argument concerns standing, which the Forest Service does not raise as an objection. FSEEE then contends that if an issue is raised at the administrative level by another party, there is no need for a co-litigant to have personally raised the issue before the agency. FSEEE relies on Kern v. BLM, 38 F. Supp. 2d 1174, 1180 (D. Or. 1999), rev'd on other grounds, 284 F.3d 1062 (9th Cir. 2002). Kern does not help FSEEE here, however, because the party in Kern had submitted a single page comment to the agency. Although that comment did not address the issue before the court, the issue had been raised by others at the administrative level. Id. FSEEE did not file an administrative appeal on any topic of any length, no matter how short.

Thus, FSEEE failed to comply with § 6912(e), failed to exhaust all administrative appeal procedures, and may not bring an action for judicial review in this court.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff Forest Service Employees for Environmental Ethics (#14) is granted. Claims brought by plaintiff FSEEE are dismissed with prejudice from this action.

IT IS SO ORDERED.

Dated this  22nd  day of September, 2005.

        /s/ Garr M. King
        Garr M. King
        United States District Judge